Opinion
WHYTE, P. J.
In reading the statement of legal rights to defendants awaiting arraignment on traffic violations, the trial court advised them in part,as follows: “A plea of no contest means basically that you submit the matter to me now on the face of the ticket. I will decide the case right here after reading the ticket and hearing a very brief explanation from you, or perhaps asking a question or two. The advantage of a no contest plea is *Supp. 3 that we decide the matter right here and no further appearance is required. However, it does involve giving up the right to a trial.” The court further advised the defendant that “After entering a plea of nolo contendere, he would not be permitted to change that plea.”
The first statement hereinabove quoted incorrectly states the consequences of a plea of nolo contendere. It fails to advise defendant that “The legal effect of such plea shall be the same as that of a plea of guilty,”[1] except that it cannot be used as an admission in any civil law suit. A nolo plea, just as a guilty plea, admits all the facts required to constitute a violation,[2] but the defendant is not told this. On the contrary, notwithstanding the last sentence of the advice paragraph, defendant is led to believe that some sort of a “mini-trial” will take place; that the judge will somehow weigh his testimony against the officer’s statements which appear on the ticket. When the judge says “I will decide the case” a defendant would not be unduly gullible if he. thought the judge meant he could decide the case against guilt, just as well as for guilt.
Such is not the effect of this plea. While some jurisdictions allow consideration of a nolo plea, and possibly defendant’s statements in connection therewith, in mitigation of punishment, others do not recognize even this limited purpose. In no case is it proper to use such a plea as a vehicle for allowing proof of innocence. (Nolo Contendere—Its Use and Effect (1964) 52 Cal.L.Rev. 408.)
The settled statement is unclear as to whether defendant attempted to withdraw his plea. Ordinarily such a motion to change a plea would be requisite to a successful appeal. Not so here, for any such motion was discouraged by the court’s admonition that the plea once made could not be withdrawn. While it would have been appropriate to warn that such a plea could not be withdrawn without' a proper showing, to declare in advance that it can never be withdrawn precludes the trial judge from exercising his proper discretion on a motion to withdraw the plea. Even a guilty plea may be set aside on a proper showing. (Pen. Code, § 1018; Witkin, Cal. Criminal Procedure (1963) § 259.) Refusal of such a request by one who maintains his innocence may be an abuse of discretion.
The judgment is reversed with instructions to the trial court to allow *Supp. 4 defendant to withdraw his nolo contendere plea and stand trial before court or jury as he may elect.
Zack, J., and Holmes, J., concurred.

Penal Code section 1016, subdivision 3.

Christensen v. Orr (1969 ) 275 Cal.App.2d 12 [79 Cal.Rptr. 656].